IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Board of Trustees, Sheet Metal Workers'<br>　　National Pension Fund<br>*et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>S.E. Sulenski Roofing & Siding<br>　　Company, Inc.,<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:11cv1077 (CMH/TRJ)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

This case is before the court on plaintiffs' motion for default judgment (no. 8) against defendant S.E. Sulenski Roofing & Siding Company, Inc. Process for defendant was served on defendant's registered agent by a private process server on October 12, 2011 (no. 4). Defendant filed no response to the complaint. The Clerk entered default on November 21, 2011 (no. 7).

### Jurisdiction and Venue

This court has subject matter jurisdiction over this action under Sections 502 and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132(e), 1132(f), and 1451(c)), Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185), and 28 U.S.C. § 1331. Venue is proper in this court under 29 U.S.C. §§ 1132(e)(2) and 1451(d) (ERISA §§ 502(e) and 4301(d)). The complaint alleges facts upon which the court has personal jurisdiction over defendant under Va. Code § 8.01-328.1(A)(1).

## Fact Summary

The following facts are established by the complaint and by plaintiffs' motion and affidavits in support of default judgment.

Plaintiffs are composed of individual trustees who are "fiduciaries" with respect to the Sheet Metal Workers' National Pension Fund ("NPF") and the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), which are multi-employer employee benefit plans, as defined in 29 U.S.C. §§ 1002(3) and (37) (ERISA §§ 4001(a)(3) and 3(37)), and the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT"), which are jointly trusteed trust funds created and maintained pursuant to 29 U.S.C. § 186(c).  NPF, ITI, NEMIC, and SMOHIT are collectively referred to as the "Funds."  Plaintiffs bring this action under 29 U.S.C. §§ 1132 and 1145 (ERISA §§ 502 and 515) and 29 U.S.C. § 185 (LMRA § 301).

Defendant is an employer within the meaning of 29 U.S.C. § 152(2) and 29 U.S.C. § 1002(5), and employs individuals who are represented by Sheet Metal Workers' International Association Local Union No. 63 in a collective bargaining agreement (the "Agreement") with defendant.  Defendant is engaged in an industry affecting commerce within the meaning of 29 U.S.C. §§ 1002(11), (12).

Pursuant to the Agreement, defendant must honor the terms and conditions of the Agreement and the trust agreements establishing the Funds.  To that end, defendant must submit monthly remittance reports detailing hours worked and paid, and is further required to make contributions for all of its covered employees employed within any jurisdiction of the Sheet Metal Workers' International Association.  These monthly reports, which must be submitted with the amount due on or before the twentieth (20th) day after the end of the calendar month, must

include the amount of the contribution defendants are required to make to the Funds based on the number of hours worked by its covered employees. Without these reports, plaintiffs can neither determine the amount of the contribution that should be made to each Fund, nor can they determine the eligibility for benefits of a particular participant.

Defendant remitted contributions for the months of August 2010 and September 2010, but did not do so in a timely manner. Defendant failed to submit reports and to timely remit contributions for the months of November 2010 through August 2011.[1]

Pursuant to the Agreement and under 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)), plaintiffs are entitled to recover from defendant: (1) $5,815.44 for delinquent contributions; (2) interest on delinquent contributions, calculated from the date due through the date of judgment at the plan rate of 0.0233% per day, compounded daily; (3) liquidated damages in an amount equal to the greater of the interest on the delinquent contributions at the rate noted above or 20% of the delinquent contributions equal to $1,162.90; and (4) late fees equal to 10% of contributions paid after the date on which they were due in the amount of $175.31.

## Attorneys' Fees and Costs

The Agreement, the trust agreements establishing the Funds, and 29 U.S.C. § 1132(g)(2) (ERISA § 502(g)(2)) provide that an employer may be required to pay all attorneys' fees and costs incurred. Plaintiffs' counsel avers under oath that the following is an accurate

---

[1] The complaint alleges defendant's failure to submit reports and contributions for these months, and does not allege that defendant's failure is ongoing. *See* Compl. ¶¶ 18-19. In the memorandum and affidavits in support of the instant motion, however, plaintiffs appear to calculate their damages to include defendant's failure to submit required reports and contributions for the months of September and October 2011 as well. *See* Mem. in Supp. of Mot. for Def. J. (no. 9) p. 2; Decl. of Walter Shaw (no. 10-3) ¶¶ 3-4. Accordingly, the magistrate judge makes his findings and recommendation with respect to damages based on the facts alleged in the complaint.

representation of the attorneys' fees and costs incurred in this proceeding.

| Attorneys' Fees | | | |
|---|---|---|---|
| Service | Rate | Time Used | Cost |
| Counsel #1 | $250.00 | 3.9 | $975.00 |
| Counsel #2 | $280.00 | 0.2 | $56.00 |
| Legal Assistant #1 | $140.00 | 9.4 | $1,316.00 |
| **Total** | | | **$2,347.00** |

| Costs | |
|---|---|
| Courier Fees | $21.20 |
| Filing Fees | $350.00 |
| Overnight Delivery | $16.08 |
| Photocopying | $4.50 |
| Process Server | $234.00 |
| Postage | $6.03 |
| **Total** | **$631.81** |

The magistrate judge has examined the record and finds that the amounts billed are reasonable compensation for work necessarily expended to enforce plaintiffs' rights.

On these facts, the magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| Delinquent Contributions | $5,815.44 |
| Interest[2] | $208.16 |
| Liquidated Damages | $1,162.90 |

---

[2] Calculated through October 5, 2011.

| Late Fees | $175.31 |
|---|---|
| Attorneys' Fees | $2,347.00 |
| Costs | $631.81 |
| **Total** | **$10,340.62** |

## Recommendation

The magistrate judge recommends that default judgment be entered against defendant in favor of plaintiffs in the amount of $10,340.62.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant's address used for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.



/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

December 20, 2011
Alexandria, Virginia